IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAUREN EARL and COBY JONES, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| WINGATE GP, LLC; WINGATE | § | CIVIL NO. A-26-CV-399-ADA-ML |
| CORP.; THE WINGATE | § | |
| COMPANIES, LLC; and PARK | § | |
| PLACE ASSOCIATES LIMITED | § | |
| PARTNERSHIP, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Defendants The Wingate Companies, LLC ("Wingate Companies") and Park Place Associates Limited Partnership ("Park Place," collectively "Moving Defendants") removed this matter to federal court on the basis of diversity jurisdiction, arguing that Defendants Wingate Corp. and Wingate GP, LLC ("Wingate GP"), both non-diverse parties, are improperly joined. Dkt. 1 ¶¶ 2.3-2.4. Since removal, no party has moved to remand to state court or to dismiss Wingate Corp. and Wingate GP. Accordingly, the undersigned raises the issue of subject matter jurisdiction *sua sponte* and issues the following recommendation to the District Judge.[1]

### I.    BACKGROUND

Plaintiffs filed this suit in state court, asserting state-law claims for negligent and intentional torts and violations under the Texas Deceptive Trade Practices Act. Dkt. 1-3 (Pet.).

---

[1] United States District Judge Alan D Albright referred motions in this case to the undersigned for disposition or report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. 2 (Standing Order dated Dec. 16, 2025).

Plaintiffs allege that they suffered serious damage to their health due to the presence of mold in their residence, which was a rental owned and managed by Defendants. *Id.* at 1. Plaintiffs allege that despite several maintenance requests by Plaintiffs, Defendants allowed water leaks to go unrepaired and develop into mold within Plaintiffs' unit. *Id.* ¶¶ 26-29. After Defendants failed to test for mold, Plaintiffs hired independent mold assessors to examine their unit. *Id.* ¶ 28. The mold assessors confirmed the presence of mold, and Plaintiffs now suffer from health issues they allege resulted from mold. *Id.* ¶ 30.

Moving Defendants removed this case to federal court on the basis of diversity jurisdiction, asserting Plaintiffs are citizens of Texas, Moving Defendants (a limited liability company and limited partnership) have no Texas partners, members, or sub-members, and Wingate GP and Wingate Corp. are citizens of Texas who are improperly joined. Dkt. 1 ¶¶ 2.1-2.6. Moving Defendants argue that Plaintiffs non-suited Wingate GP in state court and that Wingate Corp. and Wingate GP do not have any ownership or management interest in the property at issue. *Id.* ¶¶ 3.5-3.6.

## II.    LEGAL STANDARD

Federal courts "have an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-99 (1998)). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a defendant removes a case to federal court, the burden rests on the defendant to establish that the case "arises under" federal law or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

"If the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (citation modified). Improper joinder may be established in one of two ways: the defendant either must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (citation omitted). Only the second method of establishing improper joinder is at issue, and the test under this second approach is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

## III.    ANALYSIS

Moving Defendants argue that the property at issue is owned by Park Place and managed by Wingate Management Company, LLC (not a party to the suit) whose sole member is Wingate Companies. Dkt. 1 ¶ 3.5. Moving Defendants argue that Wingate Corp. and Wingate GP do not own, operate, manage, lease, or otherwise control the property and have no affiliation with Park Place or Wingate Companies. *Id.* ¶¶ 3.5.-3.6. Accordingly, Moving Defendants have demonstrated that Wingate Corp. and Wingate GP are unconnected to the property at issue and that there is no possibility for Plaintiffs to recover against Wingate Corp. and Wingate GP.

Furthermore, on February 17, 2026, prior to removal, Plaintiffs entered a Notice of Nonsuit and dismissed all claims without prejudice against Wingate GP. Dkt. 7-4 at 1. Thus, Wingate GP should have been dismissed from this suit prior to removal.

Accordingly, the undersigned finds that removal was proper. Wingate Corp. and Wingate GP are improperly joined in this action, and applicable law requires their dismissal from this case.

Furthermore, following these parties' dismissal, the court's subject matter jurisdiction over this action will no longer be in question as the parties will be completely diverse and the amount in controversy is satisfied.

## IV.    RECOMMENDATION

For the reasons given above, the undersigned **RECOMMENDS** that the District Judge **DISMISS WITHOUT PREJUDICE** Defendants Wingate Corp. and Wingate GP from this case.

## V.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED April 1, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

4